## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 20-65** |
| **ASHTON J. RYAN JR.**<br>**WILLIAM J. BURNELL**<br>**ROBERT CALLOWAY**<br>**FRANK J. ADOLPH**<br>**FRED V. BEEBE** | **SECTION "L"(4)** |

### ORDER AND REASONS

Before the Court are the following pretrial defense motions: (1) William J. Burnell's Motion for a Bill of Particulars and to Strike the Phrase "Among Other Things" as Surplusage from the Superseding Indictment and (2) Fred V. Beebe's Motion for a Bill of Particulars. R. Docs. 136; 201. The government opposes the motions, R. Docs. 199; 205, and Defendants replied, R. Docs. 210; 217. Having considered the parties' arguments and applicable law and having heard oral argument on the matter on May 13, 2021, the Court now **GRANTS** in part and **DENIES** in part the motions as specified below.

### I.    BACKGROUND

This case arises from fraudulent bank activity at First NBC Bank ("Bank"), the failure of which cost the FDIC's deposit insurance fund approximately $996.9 million. R. Doc. 65 at 2. On January 29, 2021, a 49-count Superseding Indictment was entered charging Defendants with conspiracy to commit bank fraud, bank fraud, and false entries in bank records. In relevant part, Indictment alleges that the Bank officers participated in a scheme to defraud the Bank and enrich

1

themselves by lying on loan documents about borrowers' creditworthiness, the purposes of the loans, and the method of repayment. *Id.* at 7.

Defendant William J. Burnell was the Chief Credit Officer for the First National Bank from around 2006 through April 2017. R. Doc. 65 at ¶ 7. Burnell is charged in 34 counts of the 49-count Superseding Indictment returned by the Grand Jury on January 29, 2021. Burnell is charged in Count 1 with Conspiracy to Commit Bank Fraud and in 33 remaining substantive counts with 28 counts of Bank Fraud and 5 counts of False Entries in Bank Records. R. Doc. 136 at 1. Defendant Fred V. Beebe was a Senior Vice President and commercial relationship manager of the Bank from 2009 through February 2017. R. Doc. 65 at ¶ 9. Beebe is charged in Count 1 with Conspiracy to Commit Bank Fraud and 3 counts of Bank Fraud and 3 counts of False Entries in Bank Records.

## II.    PRESENT MOTIONS

In the instant pretrial motion, Mr. Burnell seeks two forms of relief. R. Doc. 136. First, Burnell ask the Court to direct the government to file a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedures. Burnell seeks the following particulars: (1) identify the specific statements within the loan packages which are alleged false and the material omissions, if any; (2) what about those statements are alleged false; (3) how he is the one responsible for them; (4) identify how the tax credits are fraudulent; (5) identify how Mr. Burnell knew that the tax credits were fraudulent; and (6) specify what actions were taken by Mr. Burnell that "caused [. . .] fraudulent tax credit funds to be disbursed." R. Doc. 136 at 7 Second, Mr. Burnell seeks to strike the phrase "among other things" as surplusage from fifteen counts of the Superseding Indictment under Rule 7(d) of the Federal Rules of Civil Procedure. [1]

---

[1] This phrase is used in Counts 2, 4, 7, 9, 10, 11, 12, 13, 15, 16, 18, 32, 33, 36, and 37.

Mr. Beebe's request for a bill of particulars covers four subject areas. First, Beebe requests that the government tell him exactly what he received in enrichment and why it was unjust or unlawful. *Id.*  Second, Beebe requests the names of the known, but unindicted co-conspirators and the unidentified "unjustly enriched persons." *Id.* at 4. Third, Beebe seeks additional information regarding the allegations involving Businessman P. Lastly, Beebe seeks particulars related to the other "unspecified lies and omissions alleged in the indictment." R. Doc. 201 at 6.

### III.    LAW & ANALYSIS

#### A.  Motions for Bills of Particulars

Rule 7(f) of the Federal Rules of Criminal Procedure provides that "[t]he court may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). A bill of particulars is designed to "obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution." *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977) (citing *United States v. Martinez*, 466 F.2d 679 (5th Cir. 1972)). The purpose of a bill of particulars is not, however, to compel the government "to explain the legal theories upon which it intends to rely at trial." *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980).

Moreover, "it is well established that if the government has provided the information called for in some other satisfactory form, then no bill of particulars is required." *United States v. Vasquez*, 867 F.2d 872, 874 (5th Cir.1989); *see also United States v. Moody*, 923 F.2d 341, 351 (5th Cir.1991) ("A bill of particulars is not required if a defendant is otherwise provided, inter alia, with sufficient information to enable him to prepare his defense and avoid surprise."). The trial court has broad discretion to grant or deny a bill of particulars. *Mackey*, 551 F.2d at 970 (citing *Wong Tai v. United States*, 273 U.S. 77, 82, (1927)).

Of the various particulars summarized above, the Court will grant Defendants Burnell and Beebe's request for the government to identify the specific statements within the loan packages which are alleged false and the material omissions, if any. In a bank fraud case of this complexity with such voluminous discovery, this is necessary for Defendants to adequately prepare their defenses and alleviates the potential for surprise at trial. *See United States v. Bazezew*, 783 F. Supp. 2d 160, 168 (D.D.C. 2011) ("It is not sufficient for the government to respond to a motion for a bill of particulars by pointing to the voluminous discovery already provided or by relying on a governmental open file policy.")

The Court denies Burnell's other various requests for particulars, as they would improperly require the government "to explain the legal theories upon which it intends to rely at trial." *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980).

Upon review of the remaining particulars requested by Beebe, the Court finds only Defendant Beebe's request for the identities of unindicted co-conspirators to be well-founded. *See, e.g., Espy,* 1996 WL 637759, at *1 ("Courts have generally found that the government should disclose the identity of all uncharged coconspirators."). Mr. Beebe requires this information to allow him to adequately prepare his defense. Accordingly, the Court orders the government to immediately disclose this information in a letter submitted under seal.

As to the request for unjust enrichment, the Court denies this request as moot because the government has agreed to produce the compensation materials related to Beebe's salary, including Bates ranges for Louisiana Department of Labor records related to Beebe's compensation and other Louisiana Department of Labor records in the government's possession. With respect to the request for particulars as to Businessman P, the Court finds that the Superseding Indictment and government's response to this motion are sufficiently detailed. Moreover, the government has

already provided extensive discovery on this topic. "While a bill of particulars has for its purpose informing a defendant of the nature of the charges against him…it may not be used to obtain a detailed disclosure of the government's evidence prior to trial." *United States v. Perez,* 489 F.2d 51, 70–71 (5th Cir. 1973). Accordingly, this request is denied.

### A. Burnell's Motion to Strike Surplusage from Superseding Indictment

Federal Rule of Criminal Procedure 7(d) provides that a court "may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). The advisory committee note to Rule 7(d) explains that the rule is meant to protect defendants "against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." A district court may strike language as surplusage on the ground that such material is unduly prejudicial if the language "serve[s] only to inflame the jury, confuse[s] the issues, and blur[s] the elements necessary for conviction[.]" *United States v. Bullock,* 451 F.2d 884, 888 (5th Cir.1971). Moreover, a court may strike as surplusage any "[i]ndirect expressions, implied allegations, argumentative statements, and uncertainty due to generalizations in language[.]" *United States v. Williams,* 203 F.2d 572, 574 (5th Cir.1953). However, the striking of surplusage is not required "where the charge is not materially broadened and the accused is not misled." *United States v. Trice,* 823 F.2d 80, 89 n. 8 (5th Cir. 1987) (citations omitted). The level of proof required to strike surplusage from an indictment is "exacting." *Bullock,* 451 F.2d at 888.

The Court finds that the "among other things" language serves no useful purpose and could improperly suggest to the jury that Defendant was guilty of or responsible for actions in addition to those charged in the indictment. *United States v. Pope*, 189 F. Supp. 12, 26 (S.D.N.Y. 1960) (concluding that "among other things" was prejudicial because it would allow the prosecution "to go beyond the specific charge of falsity made by the grand jury"); *see also United States v. Meek,*

No. 19-00378, 2020 WL 2218953, at *6 (S.D. Ind. May 7, 2020) (reasoning that "among other things" could lead the jury to speculate that the Defendants are guilty of or responsible for actions not charged in the Indictment.). Accordingly, the Court strikes "among other things" from the Superseding Indictment as mere surplusage.

## IV.     CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant Burnell's Motion for a Bill of Particulars and to Strike the Phrase "Among Other Things" from the Superseding Indictment, R. Doc. 136, is **GRANTED** in part and **DENIED** in part as specified above.

**IT IS ALSO ORDERED** that Defendant Beebe's Motion for a Bill of Particulars, R. Doc. 201, is **GRANTED** in part and **DENIED** in part as specified above.

New Orleans, Louisiana, this 20th day of May, 2021.

UNITED STATES DISTRICT JUDGE